UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
**************************************
IN RE:                                 *
                                       *    Bankruptcy #19-10329-BAH
Cassandra L. Baron                     *    Chapter 7
                                       *
              Debtor                   *
                                       *
Service Credit Union                   *
                                       *
v.                                     *
                                       *
Cassandra L. Baron a/k/a Cassandra Baron *
**************************************
```

## ASSENTED TO MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Service Credit Union, by and through its attorneys, Kalil & LaCount, and hereby moves this Court pursuant to §362(d)2 of the U.S. Bankruptcy Code for relief from the automatic stay in the above matter and as grounds therefore states as follows:

1. This proceeding arises in a Chapter 7 case commenced by Cassandra L. Baron a/k/a Cassandra Baron (hereinafter referred to as "Debtor") on March 8, 2019 under Section 301 of the Bankruptcy Reform Act of 1978, as amended 11 U.S.C. 101 et seq. (Supp. 1985) ("the Bankruptcy Act").

2. Jurisdiction of this matter is founded on Section 362 of The Act, and Title 28 of the United States Code, Section 1334 and Section 157.

3. This is a core proceeding as defined in 28 U.S.C. § 157 (b) (2) (G).

4. The Movant, Service Credit Union (hereinafter referred to as "the Credit Union") is a financial institution with an address of 3003 Lafayette Road, Portsmouth, New Hampshire 03801 and a secured creditor of the Debtor.

5. On or about October 23, 2016, the Debtor executed a certain Retail Installment Sale Contract (hereinafter referred to as "Contract") in the principal sum of $18,227.32 together with an interest rate of 3.49% for the purposes of financing a 2011 Jeep Liberty VIN# 1J4PP2GK3BW541535

(hereinafter referred to as "Vehicle"), a true copy of which is attached hereto as Exhibit A.

6. The Contract was subsequently assigned to the Credit Union.

7. Pursuant to the terms of the Contract, the Debtor granted the Credit Union a valid, enforceable and properly perfected first priority security interest in the Vehicle, which is further evidenced by a certain Certificate of Title which was issued by the State of New Hampshire, a true copy of which is attached hereto as Exhibit B.

8. As of April 16, 2019, the Credit Union is a secured creditor of the Debtor in the amount of $10,592.50 plus allowable post-petition interest, reasonable attorneys' fees, court costs, and other recoverable expenses.

9. The Debtor has failed to make the payments due in accordance with the Contract for March 22, 2019 through the present and has a past due balance of $237.81.

10. According to the Debtor's schedules, the value of the Vehicle is $4,500.00, which is less than the balance due on the Contract.

11. The Debtor has contacted the Credit Union and asked for the vehicle to be repossessed as she no longer wishes to retain it.

12. The Debtor's counsel, Attorney Bryan W. Clickner, assents to the relief requested in this motion.

13. The Chapter 7 Trustee, Steven M. Notinger, assents to the relief requested in this motion.

14. Section 362 of the Bankruptcy Reform Act, as amended 11 U.S.C. 101 et seq. (Supp. 1987) ("The Bankruptcy Code"), has imposed an Automatic Stay on all claims against the Debtor.

## GROUNDS FOR RELIEF

15. The relief requested herein is assented to.

16. The Debtor is in default of the Contract for failure to make payments when due.

17. The full amount of the Credit Union's claim as set forth in Paragraph 8 of this motion for relief, together with allowable post-petition interest, reasonable attorneys' fees, court costs, and other recoverable expenses, is secured by the Vehicle.

18. The Credit Union believes and therefore asserts that the Debtor does not have any equity in the Vehicle as its value is less than what it is worth.

19. The Vehicle has no other duly perfected liens on it. There is no other collateral securing the obligation owed to the Credit Union as alleged in this motion.

20. The Debtor is unable to provide the Credit Union adequate protection of the Credit Union's interest in the Vehicle.

21. The Vehicle is not necessary for reorganization.

22. Under the facts of this case, good and sufficient cause within the meaning of Section 362 of The Act exists for granting the Credit Union the relief requested in this complaint.

WHEREFORE, Service Credit Union respectfully prays that this Bankruptcy Court:

A. Issue an order relieving Service Credit Union from the Automatic Stay imposed upon it by Section 362 of The Act;

B. Grant Service Credit Union permission to take all actions consistent with obtaining possession of the Vehicle in accordance with the Contract and New Hampshire law; and,

C. Grant Service Credit Union such further relief as may be just and equitable under the circumstances.

                                                            Respectfully submitted,

                                                            SERVICE CREDIT UNION

                                                            By its attorneys
                                                            KALIL & LACOUNT

Dated: April 16, 2019                           By: /s/ Jillian E. Colby
                                                          Jillian E. Colby, Esq.
                                                            Kalil & LaCount
                                                            681 Wallis Road
                                                           Rye, NH 03870
                                                           603-964-1414
                                                           ID #BNH06796